**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2028
_____

RAFIYQ DAVIS,
                    Appellant

v.

CITY OF PHILADELPHIA; STATE OF PENNSYLVANIA; PENNSYLVANIA
DEPARTMENT OF CORRECTION; PHILADELPHIA ADULT PROBATION &
PAROLE; PENNSYLVANIA ADULT PROBATION & PAROLE; SUPERIOR
COURTS OF PENNSYLVANIA; SUPREME COURTS OF PENNSYLVANIA;
UNITED STATES OF AMERICA; NORTH AMERICA; THE JUANITA KIDD
STOUT CENTER FOR CRIMINAL JUSTICE, Court of Common Pleas; STATE
CORRECTIONAL INSTITUTION ROCKVIEW; STATE CORRECTIONAL
INSTITUTION CAMP HILL; STATE CORRECTIONAL INSTITUTION
GRATERFORD; COMMONWEALTH OF PENNSYLVANIA; DAVID S.
RUDENSTEIN; STATE CORRECTIONAL INSTITUTION COAL TOWNSHIP;
FRANK PALUMBO; SCOTT DI CLAUDIO; ELLEN CEISLER; HOUSE OF
CORRECTIONS, (H.O.C.); CURRAN FROMHOLD CORRECTIONAL FACILITY;
JANE DOE, Pennsylvania Probation & Parole Officer; DRC GUARDENZIA; IRS;
MONICA ROBINSON, Probation Officer
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:23-cv-04841)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2024

Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: September 12, 2024)

_____

OPINION[*]
_____

PER CURIAM

Rafiyq Davis, a former state prisoner proceeding pro se, appeals an order of the

District Court dismissing his complaint. For the reasons that follow, we will affirm.

In 2009, Davis was convicted of firearms offenses in Pennsylvania state court. He

was sentenced to three to six years in prison and four years of probation. The

Pennsylvania Superior Court affirmed. In 2015, after his release from prison, Davis

violated the terms of his probation, and it was revoked. He was sentenced to six to

twenty-four months in prison and four years of probation. The Pennsylvania Superior

Court affirmed. Davis has sought post-conviction relief without success. See

Commonwealth v. Davis, CP-51-CR-0009574-2008.

In December 2023, Davis filed a complaint in the District Court primarily

claiming constitutional violations and legal error in his criminal, parole revocation, post-

conviction, and appellate proceedings. Davis sought monetary relief.

The District Court granted Davis' motion to proceed in forma pauperis and

screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). It ruled that Davis failed

to state a claim for relief under 42 U.S.C. § 1983 because his claims were either not

cognizable or were time-barred. The District Court explained that Davis' claims related

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

to his conviction, the revocation of parole, and his sentences were barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), which generally prohibits claims that, if successful, would necessarily imply the invalidity of a conviction or sentence. The District Court dismissed these claims without prejudice to Davis' filing a new action in the event his convictions or sentences were invalidated.

The District Court further ruled that any claims by Davis concerning the conditions of his confinement were time-barred and dismissed them with prejudice. It explained that these claims were subject to a two-year statute of limitations, that Davis was released from custody in 2017, and that he filed his complaint more than two years later. The District Court also dismissed Davis' complaint to the extent he raised claims related to the alleged taxation of marijuana sales because he had not established Article III standing. It dismissed these claims without prejudice for lack of subject matter jurisdiction. The District Court did not afford Davis leave to amend the complaint because it concluded that amendment would be futile. Davis appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the dismissal of a complaint under § 1915(e)(2). Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

Davis argues on appeal that the District Court erred in dismissing his complaint "off of initial filings" and without the defendants' reply or motion to dismiss, particularly where his complaint included case law supporting his claims. Informal Brief at 3, 6. However, a district court is required by statute to dismiss an in forma pauperis complaint if it determines that the action fails to state a claim upon which relief may be granted.

3

See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (noting it is proper for district courts to dismiss facially inadequate complaints sua sponte under § 1915(e)(2)(B)). Thus, Davis' assertion of procedural error is without merit.

Davis has not raised any other arguments on appeal. He does not challenge the District Court's dismissal of his claims under Heck, on statute of limitations grounds, or for lack of standing.[1] He has forfeited any arguments in this regard. See Barna v. Bd. of Sch. Dir. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017).

Accordingly, we will affirm the judgment of the District Court.

---

[1] To the extent Davis meant to raise these arguments in his appeal (e.g., by stating that his Complaint was supported by case law), they are still forfeited as he provided nothing in support of these argument. Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994).

Davis submitted a supplement to his brief titled "Summary Brief." In this filing, he reiterated claims in his complaint.